Lin v. Holder

BIA
McManus, IJ
A070 901 983

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> DENNY CHIN,
> > *Circuit Judges.*

_____

CHUN QIANG LIN,
> *Petitioner,*

v.                                          12-1979
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Adedayo O. Idowu, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Principal Deputy Assistant Attorney General; Richard M. Evans, Assistant Director; Ann

**Carroll Varnon, Trial Attorney,**
**Office of Immigration Litigation,**
**United States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chun Qiang Lin, a native and citizen of the People's Republic of China, seeks review of an April 13, 2012, decision of the BIA affirming the May 24, 2010, decision of Immigration Judge ("IJ") Margaret McManus, denying his motion to reconsider and reopen. *In re Chun Qiang Lin*, No. A070 901 983 (B.I.A. Apr. 13, 2012), *aff'g* No. A070 901 983 (Immig. Ct. N.Y. City May 24, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). Our review is limited to the agency's denial of: (1) Lin's motion to reconsider the denial of his motion to rescind his *in absentia* removal order; and (2) Lin's motion to reopen to apply for asylum based on a new claim. *See Ke*

*Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69, 173 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110-11 (2d Cir. 2008).

A motion to reconsider must specify errors of fact or law in the agency's prior decision. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.23(b)(2); *see also Ke Zhen Zhao*, 265 F.3d at 90. The agency did not abuse its discretion in finding no error in the IJ's underlying decision denying Lin's motion to rescind his *in absentia* removal order.

An order of removal entered *in absentia* may be rescinded only: (1) upon a motion filed at any time if the alien demonstrates that he did not receive notice of his hearing; or (2) upon a motion filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii). The agency did not err in concluding that Lin had received notice in accordance with the relevant statutory and regulatory provisions because he conceded that

3

written notice of his hearing was provided to his attorney of record while he and his attorney were in Immigration Court. *See* 8 U.S.C. § 1229(a)(2)(A); 8 C.F.R. § 1003.23(b)(4)(ii); *see also Song Jin Wu v. INS*, 436 F.3d 157, 162 (2d Cir. 2006).

Insofar as Lin's motion to rescind was based on a claim of exceptional circumstances, namely the ineffective assistance of his former counsel, it was undisputably untimely as it was filed more that ten years after the IJ's 1999 *in absentia* order of removal. *See* 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii). In order to warrant equitable tolling of the applicable time limitation based on ineffective assistance of counsel, an alien is required to demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). The agency did not err in finding that Lin failed to demonstrate due diligence because the record indicates that although he knew of the basis for his claim by at least May 2007, he did not file a motion to reopen based on that claim

4

until December 2009 or provide any details as to the actions he took in his case for those two intervening years. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007); *Cekic*, 435 F.3d at 171.

Finally, we do not consider the agency's denial of Lin's motion to reopen because his contention that he has a well-founded fear of persecution based on his violation of China's family planning policy does not challenge the bases for the agency's denial of his untimely motion to reopen. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5